PER CURIAM.
Catherine G. Fetzer received a jury verdict in a negligence action assessing damages at $150,000. Post-trial, the trial court entered an order requiring a remittitur, reducing the damage assessment to $18,500, or in the alternative, granting a new trial. Fetzer declined the remittitur and appealed the order requiring a new trial. We reverse.
After exhaustively reviewing the facts of this case, compared with the reasons advanced by the trial court in its order, we conclude that the trial court failed to set forth sufficient reasons supporting its determination that the jury verdict whs excessive or otherwise improper, or that the jury was influenced by considerations outside the record. We believe the trial court reached the decision to order a new trial based upon its erroneous conclusion that the injuries of the woman who commenced this lawsuit[1] had healed and she did not undergo any pain or suffering as a result of those injuries. It is clear that the evidence on both of these material factual issues was in conflict, as counsel for Bremer Brace has forthrightly acknowledged in this appeal, and it was the province of the jury to determine these factual disputes.
We find it unnecessary to address Fetzer’s argument on appeal that the trial court erred in granting a new trial based upon post-trial assertions of racial prejudice never raised during trial,[2] as Bremer Brace has conceded that it cannot assert for the first time in a motion for new trial that the verdict was the result of racial prejudice and improper jury selection. Since the trial court’s order does not expressly address any alleged racial prejudice, we find no need for further discussion on this point.
Accordingly, the order on appeal is REVERSED and this cause is REMANDED for entry of a final judgment in accordance with the jury verdict.
SMITH, LAWRENCE and BENTON, JJ., concur.

. Jane O. Cox, the original plaintiff in this suit, passed away from a cause or causes unrelated to the condition of which she suffered due to Bremer’s negligence, and her daughter, Catherine G. Fetzer, personal representative of her estate, was substituted as plaintiff in this suit.

. Jane Cox was white. Her counsel in the trial proceedings below was black, and the jury chosen consisted of all black members. There is a charge in the motion for new trial filed below that counsel for Fetzer used his three peremptory challenges to strike white potential jurors. Also, there is a contention in the motion that counsel for Fetzer made race-based arguments to the jury.